# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| ERIC CRUISE, Participant in the Rogers Fence Company, Inc. Retirement Plan, for the Losses Suffered By the Plan and on Behalf of All Other Similarly Situated ERISA Plans and Plan Participants,<br><br>                Plaintiff,<br><br>    v.<br><br>PRINCIPAL GLOBAL INVESTORS, LLC, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL LIFE INSURANCE COMPANY, and PRINCIPAL REAL ESTATE INVESTORS, LLC,<br><br>                Defendants. | Case No. 4:10-cv-00198-RP-TJS<br><br>CLASS ACTION |
| DENIS P. MULLANEY, participant in the Judicial Title Insurance Agency LLC Incentive Savings Plan, for the losses suffered by the Plan and on behalf of all other similarly situated ERISA plans and plan participants<br><br>                Plaintiff,<br><br>    v.<br><br>PRINCIPAL GLOBAL INVESTORS, LLC, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL LIFE INSURANCE COMPANY, and PRINCIPAL REAL ESTATE INVESTORS, LLC, and JOHN DOES 1-20,<br><br>                Defendants. | Case No. 4:10-cv-00199-RP-TJS<br><br>CLASS ACTION |
| JAIME ROSE JOVER, a participant in the Wynn Resorts Ltd. 401k Plan, for the losses suffered by the Plan and on behalf of all other similarly situated ERISA plans and plan participants,<br><br>                Plaintiff,<br><br>    v.<br><br>PRINCIPAL GLOBAL INVESTORS, LLC, | Case No. 4:10-cv-00200-RP-TJS<br><br>CLASS ACTION |

| | |
|---|---|
| PRINCIPAL   JURY TRIAL DEMANDED<br>FINANCIAL GROUP, INC., PRINCIPAL. LIFE<br>INSURANCE COMPANY and PRINCIPAL REAL<br>ESTATE INVESTORS, LLC,<br><br>                                  Defendants. | |
| FRANCISCO CARPIO, a Participant in the Shared Resources, Inc. and Affiliates Retirement Plan, for the Losses Suffered by The Plan and on Behalf of All Other Similarly Situated ERISA Plans and Plan Participants,<br><br>                                  Plaintiff,<br><br>                   v.<br><br>PRINCIPAL GLOBAL INVESTORS LLC,<br>PRINCIPAL FINANCIAL GROUP, INC.,<br>PRINCIPAL LIFE INSURANCE COMPANY,<br>PRINCIPAL REAL ESTATE INVESTORS, LLC,<br><br>                                  Defendants. | Case No. 4:10-cv-00200-RP-TJS<br><br>CLASS ACTION |

**ORDER OF CONSOLIDATION**

WHEREAS, the above-referenced actions were originally filed in the Southern District of New York and consolidated as *In re Principal U.S. Property Account Litigation*, Master File No. 09-cv-9899 on January 4, 2010 by order of the Honorable Colleen McMahon, United States District Judge for the Southern District of New York; on February 22, 2010, Judge McMahon entered an order appointing Keller Rohrback, LLP Interim Lead Counsel for Plaintiffs in the consolidated action;

WHEREAS, the consolidated action *In re Principal U.S. Property Account Litigation* was transferred on April 22, 2010 by Judge McMahon to the United States Court for the Southern District of Iowa;

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") involving the Principal U.S. Property Account, a real estate separate account managed by Principal Global Investors, LLC, Principal Financial Group, Inc., Principal Life Insurance Company, and Principal Real Estate Investors, LLC (collectively, "Principal"), and involve common questions of law and fact (collectively, the "ERISA actions");

WHEREAS, none of the defendants have yet moved against or answered any of the complaints filed in the above-captioned actions;

NOW, THEREFORE, THE COURT ORDERS as follows:

I.   CONSOLIDATION OF RELATED ACTIONS

The above-captioned ERISA actions, and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court, are consolidated pursuant to Fed. R. Civ. P. 42(a), under the low-numbered case, and shall be referred to collectively as *In re Principal U.S. Property Account ERISA Litigation*, Master File No. 4:10-cv-00198-RP-TJS (the "Consolidated Action").

II. **CAPTION OF CASES**

Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

|  |  |
|---|---|
| IN RE PRINCIPAL U.S. PROPERTY ACCOUNT ERISA LITIGATION | ) ) ) MASTER FILE NO.: 4:10-cv-00198-RP-TJS ) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) ) |

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

### III. **MASTER DOCKET**

A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made. When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV. MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 4:10-cv-00198-RP-TJS. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

## V. NEWLY FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

    (a)    File a copy of this Order in the separate file for such action;

    (b)    Send a copy of this Order to the plaintiff(s) (through their counsel, if applicable) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    (c)    Make the appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each action which is subsequently filed in or transferred to this Court alleging claims similar to those set forth in these actions and brought on behalf of any participants in or beneficiaries of ERISA plans which offered the Principal U.S. Property Account (as defined above), unless a party objecting to the consolidation of that case or to any

other provision of this Order serves an application for relief from this Order or from any of its provisions within twenty (20) days after the date on which the Clerk mails a copy of this Order to that party (through its counsel, if applicable). The provisions of this Order shall apply to such action pending the Court's ruling on the application. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have sixty (60) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII. SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action.

Dated: June 1, 2010

CHIEF MAGISTRATE JUDGE THOMAS J. SHIELDS